STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
Case Type: Personal Injury

Kim Sungeun Bang and
Nicholas Yoonsang Bang,

      Plaintiffs,

v.

Adil Agayev and Ainabulak, Inc.,

      Defendants.

Court File No:

**DEFENDANTS ADIL AGAYEV AND AINABULAK, INC.'S ANSWER TO COMPLAINT**

Defendants Adil Agayev and Ainabulak, Inc. ("Defendants") as and for their answer to Plaintiffs Kim Sungeun Bang and Nicholas Yoonsang Bang's ("Plaintiffs') Complaint, state and allege as follows:

1.     Defendants deny each and every allegation, matter and thing contained in Plaintiffs' Complaint except as is hereinafter expressly stated, qualified, or admitted.

2.     As to Paragraph 1, Defendants admit only that Defendant Adil Agayev was operating a semi-truck on November 16, 2023. Defendants deny any and all remaining allegations.

3.     As to Paragraphs 2, Defendants admit only that a collision occurred between Defendant Adil Agayev's semi-truck and Plaintiffs' vehicle and that Plaintiffs' vehicle came to a stop after the collision. Defendants deny Defendant Agayev crossed the white dashed line without looking. Defendants are without sufficient information to form a belief as to the truth or accuracy of the remaining allegations.

4.     As to Paragraph 3, Defendants admit only that Ms. Bang's vehicle came to rest on the interstate after the collision. Defendants are without sufficient information to form a belief as to the truth or accuracy of the remaining allegations.

12916864

5.      As to Paragraph 4, Defendants are without sufficient information to form a belief as to the truth or accuracy of the allegations.

6.      As to Paragraph 5, Defendants admit upon information and belief only.

7.      As to Paragraph 6, Defendants are without sufficient information to form a belief as to the truth or accuracy of the allegations.

8.      As to Paragraph 7 – 9, Defendants admit.

9.      As to Paragraphs 10 – 11, Defendants state that said paragraphs call for a legal conclusion regarding jurisdiction and venue to which no responsive pleading is required. However, to the extent a response is deemed necessary, Defendants state that Minn. Stat. §542.095 and Minn. Stat. §539.19 speak for themselves.

10.      As to Paragraphs 12 – 17, Defendants are without sufficient information to form a belief as to the truth or accuracy of the allegations.  Defendants further affirmatively state that these allegations do not contain specific factual allegations regarding the subject incident, serve no other purpose than to prejudice the jury pool, and Defendants reserve all rights to petition the court to strike the allegations or for any other necessary relief.

11.      As to Paragraph 18, Defendant admits only that semi-truck drivers are required to follow any applicable federal and state statutes, rules, and regulations.

12.      As to Paragraph 19 – 22, Defendants state the Minnesota Commercial Driver's License Manual, as well as those in other states, speaks for themselves.  Defendants deny any and all allegations inconsistent with said manuals and deny that the Minnesota Commercial Driver's License Manual imposes any legal duty on Defendants.

13.      As to Paragraph 23, Defendants are without sufficient information to form a belief as to the truth or accuracy of the allegations.

12916864

14.     As to Paragraph 24, Defendants admit.

15.     As to Paragraph 25, Defendants admit only that Defendant Agayev was operating a Volvo TT semi-truck and was traveling westbound in the lane of travel to the left of Plaintiff.

16.     As to Paragraph 26, Defendants deny the allegations.

17.     As to Paragraph 27 - 28, Defendants admit only that a collision occurred between Defendant Agayev's semi-truck and Ms. Bang's vehicle.

18.     As to Paragraph 29, Defendants are without sufficient information to form a belief as to the truth or accuracy of the allegations.

19.     As to Paragraph 30, Defendants admit only that Minnesota State Trooper April Alle responded to the scene of the collision, completed a Minnesota Department of Public Safety Motor Vehicle Crash Report, and that the Report speaks for itself.

20.     As to Paragraphs 31 – 35, Defendants admit only that the collision was recorded on Minnesota Department of Transportation traffic cameras and state that the recording speaks for itself.  Defendants deny any and all allegations inconsistent with the recording.

21.     As to Paragraphs 36 – 48, Defendants are without sufficient information to form a belief as to the truth or accuracy of the allegations.

22.     As to Paragraph 49, Defendants restate and incorporate by reference their responses to the preceding paragraphs.

23.     As to Paragraph 50, Defendants admit.

24.     As to Paragraph 51, Defendants admit only that Defendant Agayev was required to possess a commercial driver's license to operate a commercial vehicle.

25.     As to Paragraph 52 – 53, Defendants admit.

12916864

26.    As to Paragraph 54, Defendants state that said paragraph calls for a legal conclusion to which no responsive pleading is required.  However, to the extent a response is deemed necessary, Defendant admit only that the 49 C.F.R. §§390.1 – 390.403 and commonly referred to as the Federal Motor Carrier Safety Regulations and further state that the regulations speak for themselves.  Defendants deny and all allegations inconsistent with the regulations.

27.    As to Paragraph 55, Defendants state that said paragraph calls for a legal conclusion regarding the existence of a legal duty to which no responsive pleading is required.  However, to the extent a response is deemed necessary, Defendants admit only that they are required to comply with applicable Minnesota and Federal statutes, rules, and regualtions and any duties imposed by common law.

28.    As to Paragraph 56 - 57, Defendants deny the allegations.

29.    As to Paragraph 58 – 62, Defendants deny negligence on behalf of these answering Defendants. Defendants are without sufficient information to form a belief as to the truth or accuracy of the remaining allegations.

30.    As to Paragraph 63, Defendants restate and incorporate by reference their responses to the preceding paragraphs.

31.    As to Paragraph 64 – 66, Defendants admit.

32.    As to Paragraph 67, Defendants state that said paragraph calls for a legal conclusion to which no responsive pleading is required.  However, to the extent a response is deemed necessary, Defendants state that Minn. Stat. §169.09, subd 5(a) speaks for itself.  Defendants deny any and all allegations inconsistent with said statute.

33.    As to Paragraph 68, Defendants restate and incorporate by reference their responses to the preceding paragraphs.

12916864

34.     As to Paragraph 69, Defendants are without sufficient information to form a belief as to the truth or accuracy of the allegations.

35.     As to Paragraph 70, Defendants deny negligence on behalf of these answering Defendants. Defendants are without sufficient information to form a belief as to the truth or accuracy of the remaining allegations.

## **AFFIRMATIVE DEFENSES**

As and for their additional defenses, Defendants assert and allege as follows:

36.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

37.     Plaintiffs' claims may be barred, in whole or in part, due to insufficiency of service on one or more Defendants.

38.     Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' damages were not proximately caused by any act or omission on the part of Defendants.

39.     Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

40.     Plaintiffs' claims may be barred, in whole or in part, by the principles of contributory or comparative negligence.

41.     Plaintiffs' claims may be barred, in whole or in part, due to an intervening and superseding cause of the damages suffered by Plaintiff.

42.     Plaintiffs' claims may be barred, in whole or in part, by the principles of estoppel, waiver, consent, laches, payment and release, arbitration and award, or accord and satisfaction.

43.     Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

44.     Plaintiffs' claims may be barred, in whole or in part, due to spoliation of evidence.

12916864

45.    Plaintiffs' claims may be barred, in whole or in part, for failure to join all necessary and indispensable parties.

46.    Plaintiffs' claims may be barred, in whole or in part, by the provisions of the Minnesota No-Fault Insurance Act as set forth in Minn. Stat. §65B.41, *et. seq.*

47.    Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to meet the No-Fault threshold requirements as set forth in Minn. Stat. §65B.51.

48.    Defendants allege that in the event that Plaintiffs recover as and against these Defendants (which right to recovery is specifically denied), Defendants are entitled to have deducted from any such recovery the value of basic or optional economic loss benefits, No-Fault, and other benefits, paid or payable, or which should be payable, but for the applicable deductible. Further, pursuant to Minn. Stat. §548.251, Defendants are entitled to a deduction for any other collateral source benefit paid or payable to or on behalf of the Plaintiff.

49.    Defendants allege that the claims asserted may be barred by any and all of the affirmative defenses contemplated by Rule 8.03 of the Minnesota Rules of Civil Procedure. The extent to which the claims against Defendants may be barred by one or more of said affirmative defenses not specifically set forth above cannot be determined until there has been further discovery. Therefore, Defendants incorporate all such affirmative defenses as set forth in Rule 8.03.

WHEREFORE, Defendants request that this Court dismiss Plaintiffs' claims with prejudice, enter judgment in Defendants' favor, and award Defendants their reasonable costs and disbursements. Defendants further request any such other relief the Court deems just and equitable under the circumstances.

Trial by jury is demanded.

12916864

ARTHUR, CHAPMAN, KETTERING,
SMETAK & PIKALA, P.A.


Dated: August 6, 2026          /s/ Steven J. Erffmeyer
                               Steven J. Erffmeyer (#0276534)
                               500 Young Quinlan Building
                               81 South Ninth Street
                               Minneapolis, MN 55402-3214
                               P: (612) 339-3500
                               F: (612) 339-7655
                               sjerffmeyer@ArthurChapman.com

                               *Attorneys for Defendants Adil Agayev and
                               Ainabulak, Inc.*


## ACKNOWLEDGMENT

The attorney whose signature appears above hereby acknowledges that sanctions may be imposed for violations of Minn. Stat. §549.211.

                               /s/ Steven J. Erffmeyer

                               _____

                               Steven J. Erffmeyer

7

12916864